VENTURA CARABALLO, demandante y apelante, *v.* AGUSTÍN CENTENO GARCÍA, demandado y apelado.

No. 3356.—*Visto:* Diciembre 12, 1924. *Resuelto:* Marzo 13, 1925.

1. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—NULIDAD DE PROCEDIMIENTO HIPOTECARIO.—En mayo, 1921, un acreedor sometió una cuenta corriente a su deudor incluyendo intereses sobre un préstamo hipotecario; éste se presentó en quiebra en julio 27, e incluyó la referida cuenta en sus planillas (*schedules*); en agosto 9, el primero inició procedimiento sumario ejecutivo y la subasta tuvo lugar en noviembre 3. *Se resolvió:* que la aceptación por el acreedor después de la subasta del quince por ciento del montante de dicha cuenta

corriente, pagada por el deudor en virtud de una composición confirmada en diciembre 3, 1921, no era motivo para anular el procedimiento hipotecario.

SENTENCIA de *Pablo Berga,* J. (Humacao), en una acción sobre nulidad de procedimiento hipotecario, declarando sin lugar la demanda sin especial condenación de costas. *Confirmada.*

*Francisco González Fagundo* y *Francisco González, Jr.,* abogados del apelante; *Joaquín Vendrell,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Este fué un caso en el cual el apelado inició un proce· dimiento sumario ejecutivo en agosto 9, 1921, en cobro de un crédito hipotecario. Se celebró la subasta y · el deudor trata de anular los procedimientos. La obligación hipotecaria se alegó que había vencido debido a la falta de pago de los intereses, pero el deudor alegó que no debía intereses algunos. La corte resolvió en contra de él.

La subasta de la casa hipotecada tuvo lugar en noviembre 3 de 1921. En mayo de ese año el acreedor había sometido al deudor una cuenta corriente por una suma mucho mayor que los intereses, pero los plazos de intereses estaban incluídos en la cuenta corriente. Fué establecida una acción en cobro de esta cantidad, pero quedó suspendida por una declaración de quiebra y una orden.

En julio 27 de 1921, el apelante radicó en la Corte de Distrito de los Estados Unidos una petición de quiebra. Incluída en las deudas presentadas por el quebrado estaba la cuenta presentada por el acreedor en mayo y que comprendía los intereses vencidos. Subsiguientemente hubo un convenio (*composition*) aceptado por los acreedores del . quebrado, pero el apelado no intervino en los procedimientos de composición.

La composición acordada fué del quince por ciento de las deudas y es un hecho que el acreedor hipotecario aceptó últimamente el quince por ciento de toda la cuenta de mayo que fué sometida. El demandante sostiene que este pago y aceptación canceló toda la deuda pendiente. La oferta en

composición fué confirmada, sin embargo, en diciembre 3, 1921. En esa fecha la venta en pública subasta era una transacción enteramente consumada, habiendo tenido lugar en 3 de noviembre de 1921. La relación de deudas en el caso de quiebra, siendo voluntaria, fué preparada por el quebrado y de los autos resulta muy probable que cuando el acreedor Centeno aceptó el cheque en la composición él no creyó que era por toda la reclamación presentada en mayo incluyendo los intereses de la hipoteca. Se admitió en la vista que el pago en composición a Centeno se hizo después de haberse consumado la venta.

De todos modos, en ningún momento antes de terminar el procedimiento hipotecario el acreedor había hecho gestión alguna para aceptar el pago y en realidad ninguna hizo. De modo que la Corte de Distrito de Humacao tenía completa jurisdicción y facultad para proceder a la subasta y venta de la propiedad hipotecada. Por haber recibido de hecho el acreedor en el procedimiento de quiebra el quince por ciento de los intereses vencidos sobre la hipoteca tendría derecho el apelante al cobro de los mismos en una acción sobre cobro de lo indebido, pero nada de lo hecho después de la venta podía tener efecto retroactivo.

Además, el contrato de hipoteca disponía que toda la obligación quedaría vencida si el deudor dejaba de verificar el pago de tres mensualidades de intereses. Tal falta ocurrió y la hipoteca quedó vencida. Podríamos dudar, sin resolver, si el pago de los intereses hecho subsiguientemente podía anular todo el procedimiento hipotecario.

*La sentencia apelada debe ser confirmada.*